﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 201013-112717
DATE: April 30, 2021

ORDER

An effective date no earlier than November 15, 2017 for the award of service connection for coronary artery disease (CAD) with congestive heart failure (CHF), status post bypass surgeries and defibrillator placement, for purposes of accrued benefits, is granted.

An effective date no earlier than November 15, 2017 for the award of basic eligibility for Dependents Educational Assistance (DEA) under Chapter 35, Title 38, United States Code, is granted. 

FINDINGS OF FACT

1. The Veteran was diagnosed with CAD and CHF (ischemic heart disease) in June 2010. 

2. The Veteran filed a formal claim for service connection for ischemic heart disease, to include as due to exposure to herbicide agents, on November 15, 2018; there is no other statement, communication, or other document from the Veteran prior to November 15, 2018 that can be construed as a claim for service connection for ischemic heart disease. 

3. The basic eligibility criteria for education benefits under Chapter 35 (DEA) have been satisfied as of November 15, 2017.

CONCLUSIONS OF LAW

1. The criteria for an effective date no earlier than November 15, 2017 for the award of service connection for CAD with CHF have been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.114, 3.155, 3.400, 3.816. 

2. The criteria for an effective date no earlier than November 15, 2017 for the award of basic eligibility for DEA under Chapter 35, Title 38, United States Code have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the U.S. Army from September 1962 to December 1965, to include service in Vietnam. His decorations included the Vietnam Service Medal. Unfortunately, he died in November 2018. The appellant is his daughter, who has been substituted for the Veteran for purposes of processing his claim to completion. See 38 U.S.C. § 5121A.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a September 2020 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). In October 2020, the appellant timely appealed to the Board, requesting direct review of the evidence considered by the agency of original jurisdiction (AOJ). 38 C.F.R. §§ 20.201, 20.202(b)(1). 

Effective dates

Generally, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. If a claim for disability compensation is received within one year after separation from service, the effective date of entitlement is the later of the day following separation or the date entitlement arose. 38 C.F.R. § 3.400(b)(2). Otherwise, it is the date of receipt of claim or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400.

Retroactive effective dates are allowed, to a certain extent, in cases where an award or increase of compensation is granted pursuant to liberalizing law. 38 U.S.C. § 5110(g); 38 C.F.R. § 3.114. To be eligible for a retroactive payment under these provisions, the evidence must show that the claimant met all eligibility criteria for the liberalized benefit on the effective date of the liberalizing law or VA issue and that such eligibility existed continuously from that date to the date of claim or administrative determination of entitlement. 

In such cases, the effective date of an award of service connection will be the effective date of the liberalizing law or administrative issue if the claim is received within one year after such date. If a claim is received more than one year after the effective date of the liberalizing law or VA administrative issue, benefits may be authorized for a period of one year prior to the date of receipt the claim. 38 C.F.R. § 3.114(a)(3). 

1. Entitlement to an effective date prior to November 15, 2018 for the award of service connection for CAD with CHF 

The appellant seeks to establish an earlier effective date for the award of service for CAD and CHF. Specifically, she stated in her October 2020 notice of disagreement that the Veteran died from exposure to herbicide agents and that per VA medical records he was 100 percent disabled in 2010. 

The effective date of the liberalizing law that added ischemic heart disease, including CAD and CHF, as a disease presumptively due to in-service exposure to herbicides is August 31, 2010. See 75 Fed. Reg. 53,202-53,216 (Aug. 31, 2010).

In the present case, the undisputed facts are that the Veteran was first diagnosed with CAD and CHF in June 2010. However, he did not file a claim for service connection until November 15, 2018. Because VA received the Veteran’s claim for service connection on November 15, 2018, more than one year after the effective date of the liberalizing law (August 31, 2010), benefits may be authorized for a period of one year prior to the date of receipt of the claim. See 38 C.F.R. § 3.114(a)(3). Accordingly, an effective of November 15, 2017, and no earlier, for the award of service connection for CAD with CHF is granted. 

No earlier effective date can be assigned, however. The Board is sympathetic to the appellant’s situation as her father’s CAD with CHF clearly existed prior to November 15, 2017. However, the record does not show, and the appellant does not assert, that a formal or informal claim for service connection was filed prior to November 15, 2018. The Board emphasizes that while VA has a duty to assist a claimant in developing facts pertinent to a claim, it is the claimant who must bear the responsibility for coming forth with the submission of a claim for benefits under the laws administered by VA. See 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). To the extent practicable, VA does make every effort to identify and notify claimants of the potential entitlement to benefits. In the present case, the claims file contains no communication from the Veteran prior to November 15, 2018, that placed VA on notice as to potential entitlement to service connection for CAD with CHF. Therefore, as no records in the claims file indicate that the Veteran intended to establish service connection for CAD with CHF prior to November 15, 2018, an effective date prior to November 15, 2017 is not warranted in this instance.

The Board notes that the legal authority governing effective dates is clear and specific, and the Board is bound by that authority. There is no legal basis for assignment of an effective date earlier than November 15, 2017. To that extent, the appeal must be denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

2. Entitlement to an effective date prior to November 15, 2018 for the award of basic eligibility for DEA benefits

Basic eligibility for Chapter 35 benefits for the child or surviving spouse of a veteran may be established if: (1) the veteran was discharged from service under conditions other than dishonorable, or died in service; and (2) the veteran has a permanent total service-connected disability; or (3) a permanent total service-connected disability was in existence at the date of the veteran’s death; or (4) the veteran died as a result of a service-connected disability. 38 U.S.C. §§ 3500, 3501, 3510; 38 C.F.R. § 3.807. 

In this case, a June 2019 rating decision established basic eligibility for Chapter 35 DEA benefits after finding that the evidence showed that the Veteran died as a result of his service-connected disability. The June 2019 rating decision did not specify the effective date of the award of basic eligibility for DEA benefits, but in its September 2020 rating decision, the RO found that the award had been previously granted with an effective date of November 23, 2020. It further found, however, that an earlier effective date of November 15, 2018 was warranted based on the date VA received the Veteran’s claim for service connection for CAD with CHF, as service connection had been established from that date. In its September 2020 rating decision, the RO assigned a 100 percent rating for the Veteran’s CAD with CHF. 

The June 2019 rating decision demonstrates that basic eligibility for DEA benefits was originally established based on the fact that the Veteran died as a result of service-connected disability. The effective date of the award was likewise directly tied to the legal basis for the award – the cause of the Veteran’s death. The September 2020 rating decision demonstrates that the RO established the award on a different basis – that the Veteran was discharged from service under conditions other than dishonorable and that he had a permanent total service-connected disability.

As noted above, the Board finds that an effective date of November 15, 2017 for the award of service connection for CAD with CHF is warranted. Inasmuch as the cause of the Veteran’s death was related to CAD and CHF, the RO granted a 100 percent (total) rating for CAD with CHF, and the Veteran was honorably discharged from service, an effective date of November 15, 2017 for the award of basic eligibility for DEA benefits is also warranted. 

No earlier effective date can be assigned, however, for the same reasons as those outlined in the previous section of this decision. The Veteran was not service-connected for any disabilities prior to November 15, 2017. His sole service-connected disability from that date was CAD with CHF. An effective date prior to November 15, 2017 for basic eligibility for DEA benefits is therefore not warranted. There is no legal basis for such an award. To that extent, the appeal must be denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Oldroyd, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.